IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

```
F I L E D
JUL 2 4 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA
```

CHICAGO PUBLIC MEDIA, INC. AND        )
IRA GLASS                             )
                                      )     CASE No.  3:12CV539
            PLAINTIFFS,               )
                                      )     JUDGE
      v.                              )
                                      )
IMMERSONAL, INC.                      )
                                      )
            DEFENDANT.                )

## COMPLAINT

Plaintiffs, Chicago Public Media, Inc. ("CPM"), and Ira Glass ("Glass"), by their

attorneys, Williams Mullen, complain of Defendant Immersonal, Inc. ("Immersonal"), as

follows:

### Nature of the Action

1.      This action is for (a) federal trademark infringement under the Lanham Act, (b)

federal unfair competition under the Lanham Act, (c) federal trademark dilution under the

Lanham Act, (d) violation of the Virginia Consumer Protection Act of 1977; and (e) common

law fraud and unfair competition based on Immersonal's knowing and unlawful usage of

Plaintiffs' nationally known and federally registered trademarks related to the critically-

acclaimed This American Life entertainment program.

### Parties, Jurisdiction and Venue

2.      Plaintiff CPM is an Illinois not-for-profit corporation having a principal place of

business at 848 East Grand Avenue Navy Pier, Chicago, IL 60611.  Since 1990, CPM has owned

and operated one of the nation's largest public radio stations, broadcasting under the FCC Call

Letters "WBEZ" on 91.5 FM.  WBEZ presently maintains an audience of almost a half million

listeners each week.

3.     Plaintiff Glass is an individual residing in New York, New York.  Since approximately 1996, Plaintiff Glass has been producing, airing, promoting and distributing through CPM and other public radio stations the "This American Life" audio program.

4.     Immersonal is a Delaware corporation having a principal place of business at 8300 Boone Boulevard, Vienna, Virginia.  Immersonal is a consumer software and technology services company developing software applications.  Immersonal also provides entertainment services through the production and distribution of the This American Startup audio program.

5.     Immersonal is subject to the personal jurisdiction of this Court because it is doing business in this state and it committed a tortious act within this state that is the subject of this action.

6.     This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338.  This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367.

7.     Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. §1391 because the injury, Defendant's principal place of business is in this District  and a substantial part of the events giving rise to the claims occurred in this District.

<u>**Plaintiffs' Critically-Acclaimed Entertainment Program**</u>

8.     In November 1995, WBEZ began airing a radio program hosted by Ira Glass entitled "Your Radio Playhouse." This program was renamed "This American Life" in March 1996.  The This American Life program captures contemporary American culture through an hour of stories that range from fiction to nonfiction and include original monologues, mini-dramas, documentaries, music and interviews.

9.    Since that time, the This American Life program has developed into one of the most critically-acclaimed programs in all of radio.  The This American Life program has received a number of major broadcasting awards, including three Peabody Awards for distinguished achievement and meritorious service and three duPont-Columbia Awards for excellence in broadcast news.

10.    The This American Life program is syndicated through Public Radio International to nearly 500 public radio stations across the country.  The radio broadcasts of the This American Life program reach over 1.8 million people.

11.    The This American Life program is also distributed over the internet.  The podcast version of the This American Life program is downloaded approximately 700,000 times per week, making it the most popular podcast in the United States most weeks.

12.    From 2006-2008, CPM and Glass created a televised version of the This American Life program that was distributed on the Showtime network.  The televised version of the This American Life program won three Emmys.

13.    About a half-dozen stories from the This American Life program are being developed into feature-length films.

<u>**Plaintiffs' Marks**</u>

14.    Since at least as early as May 1996, the service mark THIS AMERICAN LIFE has been continuously used by Plaintiffs in United States commerce in connection with entertainment services, including an audio program.

15.    Plaintiffs are the joint owners of the following United States Trademark Registrations, which are valid and subsisting on the Principal Register of the United States Patent and Trademark Office:

3

| Mark | Reg. No. | Reg. Date | Services | Class | Exhibit |
|---|---|---|---|---|---|
| THIS AMERICAN LIFE | 2266765 | August 3, 1999 | Radio program featuring stories, monologues, short radio plays, documentaries, interviews, music and other original works which describe and document contemporary American society. | 041 | A |
| THIS AMERICAN LIFE FROM WBEZ CHICAGO | 3067898 | March 14, 2006 | Entertainment, namely, providing a continuing program featuring stories, monologues, short audio plays, documentaries, interviews, music and other original works which describe and document contemporary American society, via broadcast and satellite radio, television, web sites, and audio and video media | 041 | B |
| THIS AMERICAN LIFE | 3425253 | May 13, 2008 | Entertainment in the nature of an on-going radio programs featuring stories, monologues, short radio plays, documentaries, interviews, music and other original works which describe and document contemporary American society; Entertainment in the nature of on-going television programs featuring stories, monologues, short plays, documentaries, interviews, music and other original works which describe and document contemporary American society. | 041 | C |
| THIS AMERICAN LIFE | 3925860 | March 1, 2011 | Entertainment in the nature of movies featuring stories, monologues, short plays, documentaries, interviews, music and other original works which describe and document contemporary American society | 041 | D |

Copies of these U.S. Trademark Registrations are attached hereto as Exhibits A-D.

16.     Registration Nos. 2266765 and 3067898 attached hereto as Exhibits A and B are conclusive evidence of the validity of the marks set forth in those registrations, Plaintiffs' ownership of the marks set forth in those registrations, the incontestable status of those registrations, as well as Plaintiffs' exclusive right to use the marks set forth in those registrations in connection with the identified services.  Registration Nos. 3425253 and 3925860 attached hereto as Exhibits C and D are *prima facie* evidence of the validity of the marks set forth in those registrations, Plaintiffs' ownership of the marks represented in those registrations, as well as Plaintiffs' exclusive right to use the marks set forth in those registrations in connection with the identified services.  Plaintiff's marks are referred to herein as the "TAL Marks."

17.     Since at least November 1995, the TAL Marks have been consistently used in connection with entertainment services, including an audio entertainment program.  The This American Life program has been distributed through FM radio, satellite radio, over the internet as a podcast, over cable television, in CD format and in DVD format.

18.     Plaintiffs have invested significant amounts of money and valuable airtime extensively promoting and advertising the TAL Marks on radio, on television, on the internet, in magazines, and in newspapers.

19.     As a result of the extensive advertising and promotion of the This American Life program under the TAL Marks, and through favorable industry acceptance and recognition, the relevant consuming public and trade have come to recognize and identify Plaintiffs as the source of the quality services offered in connection with the TAL Marks.

20.     The recognition and reputation of the TAL Marks as a source of quality entertainment services extends nationwide as a result of the Plaintiffs' extensive promotion and

the nationwide availability of the This American Life program.

21.     The TAL Marks' broad recognition and goodwill in the marketplace for quality entertainment services provides opportunities for the TAL Marks to be used with new business ventures in the entertainment services marketplace, including goods and services delivered through print, television, internet and film media.

22.     The TAL Marks are famous under 15 U.S.C. §1125(c) as a result of the duration, extent, and geographic reach of advertising and publicity of the TAL marks, the amount, volume, and geographic extent of consumption of services offered under the TAL marks, the extent of actual recognition of the TAL marks, and the registration of the TAL Marks on the Principal Register of the United States Patent and Trademark Office.

23.     Accordingly, the TAL Mark is an asset of incalculable value as an identifier of Plaintiffs and their high quality services and goodwill.

## Immersonal's Infringement and Unfair Competition

24.     On approximately March 5, 2012, Immersonal filed a trademark application with Serial No. 85560054 the United States Patent and Trademark Office indicating an intent to use THIS AMERICAN STARTUP as a mark in connection with entertainment services, namely, providing podcasts in the field of entrepreneurship and starting a business.

25.     On approximately April 9, 2012, Immersonal began distributing an audio program in podcast format over the internet under the THIS AMERICAN STARTUP mark.

26.     According to the description of audio program distributed under the THIS AMERICAN STARTUP on Apple's iTunes service: "This American Startup is a bi-weekly podcast dedicated to helping entrepreneurs turn ideas into startups. Learn what it takes to be an entrepreneur, what business form to use (C-Corp, LLC or other), what the best books are to

guide you, how to market your business, how to raise funding, how to manage employees and independent contractors, how to handle intellectual property, how to create a website, how to do a blog and podcast, how to do accounting and taxes, among many others."

27.     On June 15, 2012, the United States Patent and Trademark Office issued an Office Action stating that it was refusing registration of Immersonal's applied-for mark because of a likelihood of confusion with the TAL Marks.

28.     As noted by the Examining Attorney evaluating Immersonal's trademark application, Immersonal's THIS AMERICAN STARTUP mark and the TAL Marks "begin with the identical phrase 'This American', and applicant's mark merely combines this identical phrase with the descriptive wording 'Startup.'"

29.     The Examining Attorney concluded that, the TAL Marks and Immersonal's THIS AMERICAN STARTUP mark "are so similar in their appearance, sound, connotation and commercial impression, that there is a likelihood of confusion."

30.     The Examining Attorney also concluded that the services being offered in connection with Immersonal's THIS AMERICAN STARTUP mark and the TAL Marks are similar. Specifically, the Examining Attorney noted that Plaintiffs' "radio and other entertainment programing featuring contemporary American society could be broadcast in podcast format, and include the field of entrepreneurship and starting a business." In fact, the TAL Marks are distributed through podcasts and they are used in connection with entertainment programming addressing the field of entrepreneurship and starting a business.

31.     Upon information and belief, Immersonal is attempting to willfully appropriate the value and wide public recognition of the TAL Marks by adopting the THIS AMERICAN STARTUP mark.

32.     Plaintiffs have not and will not consent to Immersonal's use and registration of the THIS AMERICAN STARTUP mark because Plaintiffs reasonably believe that the relevant consuming public may believe that the entertainment services offered by Immersonal under that mark originate from, are sponsored by, or are otherwise associated with the Plaintiffs or the entertainment services advertised and promoted under the TAL Marks.

33.     Plaintiffs never authorized, licensed or otherwise granted Immersonal the right use the TAL Marks or any other mark that is confusingly similar to the TAL Marks.

34.     After learning of Immersonal's intent to continue to use the THIS AMERICAN STARTUP mark, Plaintiffs demanded that Immersonal take steps to select and implement a name for its audio programs that does not include the words "This American Life" or any confusingly similar words, and to cease and desist from all uses of the TAL Marks. Plaintiffs also demanded that Immersonal withdraw or abandon its application to register the THIS AMERICAN STARTUP mark.

35.     Immersonal ignored Plaintiffs' objections and has stated in unequivocal terms that it intends to continue to use the THIS AMERICAN STARTUP mark and to pursue its pending trademark application for that mark.

36.     Immersonal's  actions were and are willful and intentional and were and are intended to trade on the reputation and goodwill of Plaintiffs and to confuse and deceive consumers.

37.     Immersonal's use of the TAL Marks is likely to mislead, deceive, and confuse the relevant purchasing public and trade. It is likely that consumers will mistakenly believe that the audio programs offered by Immersonal are connected, associated or in some way affiliated with Plaintiffs when in fact no such connection, association or affiliation exists.

8

38.    Immersonal's use of the THIS AMERICAN STARTUP mark is likely to cause injury to the business reputation of Plaintiffs by impairing the effectiveness of the famous TAL Marks and diluting the distinctive quality of the famous TAL Marks.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

39.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 38.

40.    As the first ground for relief, Plaintiffs allege violation of Section 32(1) of the Lanham Act. 15 U.S.C. §1114(1).  Immersonal's unauthorized use of the TAL Marks, or any similar mark, including but not limited to the THIS AMERICAN STARTUP mark, is likely to cause confusion, mistake or deception as to the source, sponsorship or approval of Immersonal's entertainment services.  The relevant consuming public and the trade are likely to believe that entertainment programs entitled THIS AMERICAN STARTUP originate with Plaintiffs or are licensed, sponsored or approved by Plaintiffs or are in some way connected with or related to Plaintiffs in violation of §32(1) of the Lanham Act. 15 U.S.C. §1114(1).

41.    Immersonal's unauthorized use of the TAL Marks, or any similar mark, including but not limited to the THIS AMERICAN STARTUP mark, is intentional and willful infringement under §32(1) of the Lanham Act. 15 U.S.C. §1114(1).

42.    Immersonal's infringing acts have occurred in interstate commerce and have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

## COUNT II
## FEDERAL UNFAIR COMPETITION

43.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 42.

44.    As the second ground for relief, Plaintiffs allege violation of Section 43(a) of the

Lanham Act. 15 U.S.C. §1125(a).  Immersonal's unauthorized use of the TAL Marks, or any

similar mark, including but not limited to the THIS AMERICAN STARTUP mark, constitutes

use of a false designation of origin and false or misleading representation, which wrongly and

falsely designates, describes, and represents the origin of Immersonal's services as originating

from or being connected with Plaintiffs, and is likely to cause confusion, or to cause mistake, or

to deceive as to Immersonal's affiliation, connection, or association with Plaintiffs, or as to the

origin, sponsorship, or approval of Immersonal's services by Plaintiffs in violation of Section

43(a) of the Lanham Act.  15 U.S.C. §1125(a).

45.     Immersonal's acts have occurred in interstate commerce and have caused, and

unless restrained by this Court, will continue to cause, serious and irreparable injury to Plaintiffs

for which Plaintiffs have no adequate remedy at law.

## COUNT III
## FEDERAL TRADEMARK DILUTION

46.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 45.

47.     As the third ground for relief, Plaintiffs allege violation of Section 43(c) of the

Lanham Act.  15 U.S.C. §1125(c).  The TAL Marks are and have been, prior to Immersonal's

infringing acts, distinctive and famous as a result of, among other things, the lengthy and

extensive use and promotion of the TAL Mark.

48.     Immersonal's unauthorized use of the TAL Marks, or any similar mark, including

but not limited to the THIS AMERICAN STARTUP mark, has caused and will continue to cause

injury to the business reputation of Plaintiffs by impairing the effectiveness of the famous TAL

Marks and diluting the distinctive quality of the famous TAL Marks in violation of Section 43(c)

of the Lanham Act.  15 U.S.C. §1125(c).

49.     Immersonal's acts have occurred in interstate commerce and have caused, and

unless restrained by this Court, will continue to cause, serious and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

### COUNT IV
### VIRGINIA CONSUMER PROTECTION ACT OF 1977

50.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 49.

51.    As the fourth ground for relief, Plaintiffs allege violation of the Virginia Consumer Protection Act of 1977. Va. Code. §§ 59.1-196 et seq. . Immersonal's unauthorized use of the TAL Marks, or any similar mark, including but not limited to the THIS AMERICAN STARTUP mark, misrepresents its services as those of Plaintiff; misrepresents the source, sponsorship, approval and certification of good and services and misrepresents the affiliation, connection and association of the supplier (Defendant) with those of another (Plaintiffs).

52.    The relevant consuming public and the trade are likely to believe that Immersonal's entertainment services originate with Plaintiffs or are licensed, sponsored or approved by Plaintiffs or is in some way connected with or related to Plaintiffs in violation of the Virginia Consumer Protection Act of 1977. Va. Code. §§ 59.1-196 et seq

53.    Immersonal's unauthorized use of the TAL Mark, or any similar mark, including but not limited to the THIS AMERICAN STARTUP mark, is intentional and willful.

54.    Immersonal's infringing acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

### COUNT V
### COMMON LAW FRAUD AND UNFAIR COMPETITION

55.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 54.

56.    As the fifth ground for relief, Plaintiffs allege fraud and unfair competition under

11

common law.

57.    Immersonal's acts have caused, and unless restrained by this Court, will continue to cause, serious and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

58.    Immersonal's use of the TAL marks misrepresents its services as those of Plaintiff; misrepresents the source, sponsorship, approval and certification of good and services and misrepresents the affiliation, connection and association of the supplier (Defendant) with those of another (Plaintiffs) and intentionally confuses and deceives the public.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment in its favor and against Immersonal as follows:

1.    Injunction: That, pursuant to 15 U.S.C. §1116 and Va. Code. §§ 59.1-196 et seq, the Court issue a preliminary and permanent injunction restraining and enjoining Immersonal, and its officers, agents, servants, employees, attorneys, parents, subsidiaries and related companies and all persons acting for, with, by, through or under them, and each of them, from:

   a.    using in any manner the TAL Marks or other term or terms likely to cause confusion therewith, including the THIS AMERICAN STARTUP mark;

   b.    using the TAL Marks, or other term or terms likely to cause confusion therewith, including the THIS AMERICAN STARTUP mark, in a manner likely to create the erroneous belief that Immersonal's goods or services are authorized by, sponsored by, licensed by or in any way associated with Plaintiffs; or

   c.    engaging in any other acts or conduct that would cause consumers erroneously to believe that Immersonal's goods or services are somehow sponsored by,

authorized by, licensed by, or in any way associated with Plaintiffs.

2.     Compensatory Damages: That Immersonal be required to pay to Plaintiffs all damages sustained by them and all monetary benefits obtained by reason of the unlawful acts alleged herein. 15 U.S.C. § 1117(a) and Va. Code. §§ 59.1-196 et seq.

3.     Treble Damages: That the Court award Plaintiffs three times the amount of their actual damages pursuant to 15 U.S.C. §1117(a) and Va. Code. §§ 59.1-196 et seq.

4.     Compliance Report: That the Court require Immersonal to file with the Court and serve upon Plaintiffs' counsel within thirty days after entry of judgment a report in writing under oath setting forth in detail the manner in which Immersonal has complied with the requirements of the Court's judgment and corresponding order.

5.     Attorneys' Fees and Costs: That the Court award Plaintiffs their reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1117(a), Va. Code. §§ 59.1-196 et seq, and any other applicable law.

7.     Other Equitable Relief: That Plaintiffs receive such other and further relief as the Court may deem appropriate.

### Jury Demand

Plaintiff hereby demands trial by jury.

Dated: July 25, 2012               Respectfully submitted,

Chicago Public Media, Inc. and Ira Glass

By: _____

Robert F. Redmond, Jr., Esq. (VSB # 32292)
rredmond@williamsmullen.com
Williams Mullen
200 South 10th Street, 16th Floor
P.O. Box 1320
Richmond, VA 23218
Telephone No.: (804) 420-6439

Facsimile No.: (804) 420-6507
**Counsel for Plaintiff**